FILED

2020 Sep-15  AM 09:56
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES ARTHUR MOORE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:18-cv-01090-ACA-SGC |
| | ) | |
| CHRISTOPHER GORDY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

Before the court is a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Charles Arthur Moore, a state prisoner proceeding *pro se*. (Doc. 1). Mr. Moore challenges his 2013 conviction on three counts of capital murder in the Circuit Court of Lawrence County, Alabama, resulting in a sentence of life imprisonment without the possibility of parole. (*Id.* at 1–2). The magistrate judge entered a report pursuant to 28 U.S.C. § 636(b), recommending that the court deny the § 2254 petition and deny a certificate of appealability. (Doc. 11). Mr. Moore filed timely objections to the report and recommendation. (Doc. 12). The court construes these objections liberally. They are addressed below not necessarily in the order in which they are presented but instead, in the order most logical for analytical purposes.

# I. DISCUSSION

## A. Factual Objections

First, Mr. Moore takes issue with the facts set forth by the magistrate judge. (Doc. 12 at 1). He proposes alternative facts that cast him as the victim of a plot to frame him for the murder of Bailey and Betty Nichols that was furthered by several chance occurrences. (*See id.*). He contends that, contrary to the magistrate judge's statement that officers determined his truck's tires had similar treads to tire tracks found on the Nichols' property, investigators were unable to make an impression of the tire tracks found on the Nichols' property. (*Id.*). He also contests the magistrate judge's statement that a search of his house revealed Bailey Nichols' wallet, claiming that his fingerprints were not found on Bailey Nichols' wallet or its contents. (*Id.* at 2). Finally, he argues that despite the magistrate judge's statement that officers found a .32 caliber pistol in his house, the State later proved that the pistol was not the murder weapon. (*Id.* at 2).

The facts set forth by the magistrate judge were the same as those set forth by the Alabama Court of Criminal Appeals (the "ACCA") on direct appeal. (*Compare* Doc. 11 at 2–3, 14, *with* Doc. 6-9 at 2, 11–12). Section 2254 requires the court to presume the correctness of state court determinations of factual issues, and the petitioner bears the burden of rebutting that presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *see also Wood v. Allen*, 558 U.S. 290, 293

(2010).  Neither Mr. Moore's mere assertion of factual error, nor the alternative theory of the case he offers without evidentiary support, is sufficient to rebut by clear and convincing evidence the presumption that the ACCA's recitation of the facts, then adopted by the magistrate judge, is correct.  Even if it were, the magistrate judge never stated that investigators made an impression of any tire tracks or took fingerprints off the wallet, nor did the magistrate judge state that the .32 caliber pistol found at Mr. Moore's house was the murder weapon.  The court **OVERRULES** Mr. Moore's objections to the magistrate judge's description of the facts.

### B. Legal Objections

Second, Mr. Moore reargues the claims presented in his federal habeas petition.  (Doc. 12 at 2–3).  However, he does not provide a basis for determining that the disposition of these claims recommended by the magistrate judge is incorrect.  The court specifically notes Mr. Moore states that neither he nor his counsel was present at the evidentiary hearing held by the state trial court before it denied his motions to suppress.  (*Id.* at 3).  This is the first time Mr. Moore has made that allegation.  (*See* Doc. 1 at 6; Doc. 8).  Moreover, Mr. Moore has not supported that allegation with any evidence.

In any event, even if Mr. Moore could now prove that he and his attorney were not present at the evidentiary hearing on his motions to suppress, he has not alleged that the State or the state trial court caused their absence from that hearing.  The

*Stone* decision bars Fourth Amendment claims if a petitioner had "*an opportunity for full and fair litigation*" of his Fourth Amendment claims. *Stone*, 428 U.S. at 494 (emphasis supplied); *see also Caver v. State of Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1878) ("An 'opportunity for full and fair litigation' means just that: an opportunity. If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes."); *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver* favorably).

Mr. Moore also challenges the magistrate judge's determination that the Chief Justice of the Alabama Supreme Court assigned the trial court judge to his case after the sitting Lawrence County Circuit Court Judge recused himself. (Doc. 12 at 2). Mr. Moore claims instead that a circuit court clerk appointed the trial court judge and refers the court to the "action summary report." (*Id.*). Although a circuit court clerk may have entered on the docket the order of the Chief Justice of the Alabama Supreme Court assigning the trial court judge to Mr. Moore's case, it is beyond refute that the Chief Justice of the Alabama Supreme Court made the appointment. *See State of Alabama v. Moore*, 42-CC-2010-000001.00 at Doc. 50. Regardless, Mr. Moore's claim relies on an alleged error of state law beyond the purview of a federal habeas court. *See Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[F]ederal

4

habeas corpus relief does not lie for errors of state law."). The court therefore **OVERRULES** Mr. Moore's objections to the magistrate judge's recommendations about the disposition of his claims.

### C. New Claims

Third, Mr. Moore asserts claims not presented in his federal habeas petition: (1) his Fifth Amendment rights were violated either because law enforcement officers failed to advise him of his rights as required by *Miranda v. Arizona*, 384 U.S. 436 (1966), or because he was intoxicated when they did so; and (2) that his attorneys "gave up on [him]," "blundered their way through the whole trial," failed to disclose witnesses, failed to call witnesses, failed to ask essential questions, failed to cross-examine a man named Frank Wells, and refused his request to be put on the stand. (Doc. 12 at 2, 4; *see* Doc. 1 at 10 (asserting ineffective assistance based solely on trial and appellate counsel's failure to challenge the impoundment of his truck)). A federal habeas petitioner is not permitted to assert new claims for the first time in objections to a report and recommendation. *See* Rule 2(c)(1), Rules Governing Section 2254 Cases in the United States District Courts (providing that the § 2254 petition must "specify all the grounds for relief available to the petitioner"); *see also* Fed. R. Civ. P. 15(a) (setting out the requirements for amendment of a pleading).

Even if Mr. Moore had properly amended his § 2254 petition to assert these new claims, they would fail because he has presented no facts to support them. *See*

Rule 2(c)(2), Rules Governing Section 2254 Cases in the United States District Courts (providing that the § 2254 petition must "state the facts supporting each ground"); *see also Allen v. Sec'y, Fla. Dep't of Corr.*, 611 F.3d 740, 763 (11th Cir. 2010) ("Having alleged no specific facts that, if true, would entitle him to federal habeas relief, [the petitioner] is not entitled to an evidentiary hearing [before denial of his § 2254 petition]."). To the extent that Mr. Moore's assertion of new claims can be considered an objection, the court **OVERRULES** that objection.

## II. CONCLUSION

The court **OVERRULES** Mr. Moore's objections. After *de novo* review of the record and the magistrate judge's report, the court **ADOPTS** the report of the magistrate judge and **ACCEPTS** her recommendations. The court **WILL DENY** Mr. Moore's § 2254 petition. Furthermore, because the petition does not present issues that are debatable among jurists of reason or that deserve encouragement to proceed further, the court also **WILL DENY** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000); Rule 11(a), Rules Governing Section 2254 Cases in the United States District Courts.

The court will enter a separate final order consistent with this memorandum opinion.

**DONE** and **ORDERED** this September 15, 2020.

_____

**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE